IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LEESAMAREE B.,**[1]

Plaintiff,

Civ. No 1:20-cv-01616-CL

v.

**OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**

Defendant.

---

MARK D. CLARKE, Magistrate Judge.

Plaintiff LeesaMaree B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. 401-34, and supplemental insurance income under Title XVI. Full consent to magistrate jurisdiction was entered on March 29, 2021 (#13). The Commissioner concedes that this case should be remanded but asserts that further proceedings are necessary. For the reasons below, the Commissioner's decision is REVERSED and REMANDED for immediate calculation and payment of benefits.

## BACKGROUND[2]

Plaintiff protectively applied for benefits on March 28, 2018, alleging a disability onset date of November 29, 2014. Tr. 31. The Commissioner denied the claim initially and upon

---

[1]In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties, and any relations, in this case.

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 11.

reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). After holding a hearing, the ALJ issued a decision dated December 24, 2019, that Plaintiff was not disabled. Tr. 43. The Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. Tr. 1. Plaintiff timely filed this appeal.

**DISABILITY ANALYSIS**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

**THE ALJ'S FINDINGS**

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. Tr. 34.

2. Plaintiff has not engaged in substantial gainful activity since March 19, 2015, the day after her prior application was denied. Tr. 34.

3. Plaintiff has the following severe impairments: bipolar disorder, obsessive-compulsive disorder, borderline personality disorder, post-traumatic stress disorder, migraine headache disorder, lumbar spondylosis with mild scoliosis. Tr. 34.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 34.

5. Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except light work that does not require any climbing of ladders ropes, or scaffolds, any exposure to hazards such as unprotected heights, dangerous moving machinery, or commercial driving, the performance of more than simple, routine tasks, the performance of tasks involving more than minimal superficial interaction with supervisors, or the performance of tasks involving more than frequent interaction with coworkers. Tr. 36.

6. Plaintiff is unable to perform any past relevant work. Tr. 41.

7. Plaintiff was born on May 27, 1966, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. She subsequently changed age category to closely approaching advanced age. Tr. 42.

8. Plaintiff has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled" whether or not she has transferable job skills.

10. Considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff can perform, including Sorter, Laundry Articles; Bench Assembler; and Bottle Line Attendant. Tr. 43.

Consequently, the ALJ concluded that Plaintiff is not disabled as defined by the Social Security Act from March 19, 2015, through December 24, 2019.

## DISCUSSION

The Commissioner concedes that the ALJ erred and admits that some treatment record and opinion evidence support a finding of disability but argues that other evidence shows that she could work. Therefore, the only issue for the Court is to determine if the case remanded for immediate calculations of benefits or remanded for further proceedings. For the reasons below, the case is remanded for immediate calculation and payment of benefits.

### I. Legal Standard.

Credit-as-true analysis is well settled, longstanding and binding on the district courts. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Smolen v Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under the credit-as-true rule, a reviewing court should remand for a finding of disability and award of benefits if: (1) The ALJ has failed to provide legally sufficient reasons for rejecting medical opinions or a claimant's testimony; (2) there are no outstanding issues to be resolved before a determination of disability can be made; and (3) the ALJ would be required to find the claimant disabled if the improperly rejected evidence were credited. *Smolen*, 80 F.3d at 1292. If the three-part test is met, the district court still may remand for further proceedings if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

**1) The three-part test is met.**

The Commissioner concedes that the ALJ failed to properly evaluate Plaintiff's treatment record, which affected the analysis of Plaintiff's subjective symptom complaints, the medical opinions, and the RFC finding. The only argument offered by the Commissioner is that the record creates serious doubt that Plaintiff is disabled, which is addressed below. Thus, the Court considers all three parts of the credit-as true test met.

In particular, the Commissioner concedes that the ALJ did not give legally sufficient reasons to discount Plaintiff's testimony, and several medical opinion sources. As Plaintiff argues, any one of these would require a finding of disability if they were credited as true:

> Plaintiff's testimony shows that she could not meet the demands of competitive employment described by the vocational expert, remaining on task at least ninety-five percent of eight-hour workdays and not missing more than one day of work per month. Tr. 117-18. Dr. Harris's opinion that Plaintiff's migraine headaches would require unscheduled breaks of thirty to forty minutes and cause Plaintiff to miss four days of work per month requires a finding of disability for the same reason, as does Ms. Thompson's opinion that Plaintiff needs extra breaks and extra time for tasks. Tr. 1220-21, 1264. Ms. Snell's opinion that Plaintiff meets the severity requirements of three "listed" mental health impairments requires a finding at step three that Plaintiff is disabled. Tr. 1193-95.

Pl. Resp. at 37. The Commissioner did not respond or dispute any of these claims, effectively conceding that any one of these four sources – Plaintiff, Dr. Harris, Ms. Thompson, Ms. Snell – would require an ALJ to find Plaintiff disabled.

**2) The Commissioner has not shown that "serious doubt" exists that Plaintiff is disabled.**

The Commissioner asserts that "serious doubt" exists that Plaintiff is disabled because Plaintiff attended graduate school during the alleged disability period, worked, and offered respite and short-term care for foster children. In 2018, Plaintiff earned a master's degree in psychology. Tr. 1268. Then, at the 2019 hearing, Plaintiff testified that she was in the process

of earning her Ph.D., and "so far, I'm getting all A's." Tr. 93-95; *see also* Tr. 25. In another example, Plaintiff was working part time in February 2016 and looking for other work that month and the next (Tr. 1023, 1036), though the work did not rise to the level of substantial gainful activity. She also attended yoga classes. Tr. 1023, 1037. Lastly, she offered respite foster care during the relevant period, and she drove, shopped, and performed household chores. Tr. 105-06, 398-40, 1271. The Commissioner claims that this evidence casts "serious doubt" on Plaintiff's claim of disability. *Treichler*, 775 F.3d at 1107 (internal quotations omitted).

In response, Plaintiff asserts that, as a student, she has been given many accommodations, including taking a limited number of courses each term, and taking courses only online. She points out that even with accommodations, she still has ended up withdrawing or failing some courses and been unable to complete assignments at times because of migraine headaches. She contends that the manner in which she must structure her school efforts highlights the impact of her impairments and her inability to meet the demands of full-time employment, eight hours per day, five days per week, week after week. In addition to taking courses online only, and with accommodations, Plaintiff testified that she "will often get all my work done in a two or three-week period" or "stay up all night and get a whole semester's work done because I don't know when I'm going to be feeling good again. I can't predict my symptoms...." Tr. 93-94.

Plaintiff argues that, while Commissioner points to Plaintiff's efforts to work, he does not acknowledge that Plaintiff was fired because of her mental health symptoms, including being chronically late and unable to interact with others appropriately. Tr. 53, 87-90, 402, 459, 478, 480. The Commissioner points to Plaintiff's short-term respite care of foster children, but she asserts that did so only twice since her alleged disability onset date, that she stopped because of

her health, and that the record does not show how long the two sessions of respite care lasted or what Plaintiff's responsibilities were or how well she performed them. Tr. 105-06.

The Court does not find that Plaintiff's academic efforts or her brief attempts to work and offer respite foster care raise "serious doubts" about her disability status. In particular, the accommodations for her schooling, and the fact that she took less than a full load of online courses, mean that her progress towards a degree is not inconsistent with her alleged symptoms and impairments because she could rest and take breaks as needed, and complete her work at flexible times of the day, week, or month. This is not indicative of the ability to work fulltime. Therefore, there is no need to remand for further proceedings.

**3) The Court must remand for an award of benefits.**

The Court is mindful of its duty not to substitute its discretion for that of the agency. *See Brown-Hunter*, 798 F.3d at 754. However, if all three requirements [of the credit-as-true analysis] are satisfied, the Court must remand for an award of benefits unless "the record as a whole creates serious doubt that the claimant is, in fact, disabled . . .." *Garrison*, 759 F.3d at 1021. The Court has found no serious doubt regarding Plaintiff's disability in this case. The Court must remand for an award of benefits.

**ORDER**

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for an immediate calculation and payment of benefits.

It is so ORDERED and DATED this 7 day of April, 2022.

MARK D. CLARKE
United States Magistrate Judge